**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GARY PRESSLER<br>103 Hibernation Hollow,<br>Drums, PA 18222,<br><br>Plaintiff<br><br>v.<br><br>EQUITABLE FINANCIAL LIFE<br>INSURANCE COMPANY OF AMERICA<br>8501 IBM Drive,<br>Suite 150,<br>Charlotte, NC 28262,<br><br>Defendant. | No. |

## COMPLAINT

Plaintiff Gary T. Pressler ("Plaintiff" or "Mr. Pressler"), through his undersigned counsel, for his Complaint against Defendant Equitable Financial Life Insurance Company of America ("Equitable"), states as follows.

## INTRODUCTION

1. This is an action brought pursuant to Section 502(a) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"). ERISA is a remedial statute that Congress enacted to protect "the interests of participants in employee benefit plans and their beneficiaries" by requiring the establishment of uniform standards of disclosure, conduct, and fiduciary responsibility. 29 U.S.C. § 1001(b). It imposes higher than marketplace standards on insurers and employee benefit plan fiduciaries—like Defendant—who must act in the sole interest

of benefit plan participants and their beneficiaries for the exclusive purpose of providing benefits under the terms of an employee benefit plan.

2. Defendant wrongfully terminated Mr. Pressler's long-term disability ("LTD") benefits that he was entitled to under the terms of Balas Distributing Co.'s Group Disability Plan ("the Plan"), and denied him a full and fair review of his claim for Plan benefits when he appealed the adverse claim determination at issue in this case.

**THE PARTIES**

3. Mr. Pressler is a former employee of Balas Distributing Co. and a participant in the Plan.

4. The Plan is an employee welfare benefit plan that provides LTD benefits to eligible Plan participants subject to the terms of the Plan.

5. Equitable is an insurance company with an administrative office in North Carolina.

6. Equitable issued a group policy of insurance bearing policy number 012376 ("the Group Policy") to fund the Plan's LTD benefits program.

7. Equitable is responsible for adjudicating claims for Plan benefits arising under the Plan's LTD program.

8. Equitable is a fiduciary as that term is defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21), as it, *inter alia*, exercises authority or control respecting management or disposition of Plan assets.

**JURISDICTION AND VENUE**

9. The Court has general subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as it arises under ERISA—a law of the United States—and specifically pursuant to

29 U.S.C. §§ 1132(e)(1) and 1132(f), which gives the District Court jurisdiction to hear civil actions brought pursuant to 29 U.S.C. § 1132.

10. The Court has personal jurisdiction over Defendant as Defendant regularly transacts business in this District and Division. This Court also has personal jurisdiction over Defendant because ERISA provides for nationwide service of process pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

11. Venue is proper in this District pursuant to 29 U.S.C. §1132(e)(2) because at all relevant times, Defendant may be found in this District.

## TERMS OF THE PLAN

12. Under the terms of the Plan, a participant is entitled to LTD benefits if they meet the Policy's definition of "Disability" or "Disabled."

13. The Group Policy's definition of "Disability" and "Disabled" is as follows:

> **Disability** or **Disabled** means You are prevented from performing one or more of the Essential Duties of:
>
> 1) Your Occupation during the Elimination Period;
> 2) Your Occupation, for the 24 month(s) following the Elimination Period, and as a result Your Current Monthly Earnings are less than 80% of Your Indexed Pre-disability Earnings; and
> 3) after that, Any Occupation."

14. **Essential Duty** means a duty that, in Our determination:

> 1) Is substantial, not incidental;
> 2) Is fundamental or inherent to the occupation; and
> 3) Cannot be reasonably omitted or changed.
>
> Your ability to work the number of hours in Your regularly scheduled workweek is an Essential Duty.

15. **Any Occupation** means any occupation for which You are qualified by education, training or experience, and that has an earnings potential greater than the lesser of:

> 1) the product of Your Indexed Pre-disability Earnings and 60%; or

2) the Maximum Monthly Benefit.

16. The Policy provides for a monthly benefit equal to 60% of Mr. Pressler's pre-disability earnings.

**FACTS**

17. Mr. Pressler was employed as a Truck Driver with Balas Distributing Co. and was a participant in the Plan funded by the Policy.

18. Mr. Pressler's final day of work with Balas Distributing Co. was June 23, 2022. As of June 24, 2022, he was no longer able to work due to low back pain, radiating pain, and numbness/tingling into his bilateral lower extremities.

19. Mr. Pressler suffered from severe and debilitating musculoskeletal and neurological impairments including degenerative lumbar disc disease, disc herniations at L2-L3 and L5-S1, disc bulges/protrusions at L3-L4 and L4-L5, lumbar radiculopathy, right and left tibial neuropathies, and bilateral knee arthritis.

20. Objective electrodiagnostic testing (EMG/NCV) confirmed right L5 and S1 radiculopathies, left L5 radiculopathy, and left and right motor tibial neuropathies at the medial ankle.

21. Equitable initially approved and paid Short-Term Disability ("STD") benefits to Mr. Pressler from July 1, 2022, through the maximum benefit date of December 29, 2022.

22. Following the expiration of his STD benefits, Mr. Pressler applied for LTD benefits under the Plan. On January 18, 2023, Equitable approved Mr. Pressler's claim for LTD benefits effective December 30, 2022.

23. On April 8, 2024, Equitable notified Mr. Pressler that under the terms of the Policy, after 24 months of LTD payments, the definition of disability would transition from the “Your Occupation” standard to the more restrictive “Any Occupation” standard. The effective date of the transition was December 30, 2024.

24. In anticipation of the definition change, Equitable requested updated medical records and sent a functional capacity questionnaire to Dr. Thomas Stepanski, DC, on October 24, 2024, asking if Mr. Pressler could perform a “light occupation.”

25. Dr. Stepanski stated that Mr. Pressler could not perform a light duty occupation.

26. Equitable terminated Mr. Pressler’s LTD benefits on November 20, 2024, effective December 30, 2024, asserting that he was physically capable of performing “Any Occupation.”

27. On May 16, 2025, Mr. Pressler filed a timely administrative appeal of Equitable’s decision to terminate his LTD benefits.

28. The appeal submissions included a comprehensive Independent Medical Examination (IME) report dated July 16, 2025, from Dr. Steven Rizzolo, M.D., a Board-Certified Orthopedic Surgeon. Dr. Rizzolo opined that Mr. Pressler possessed less than a sedentary work capacity and was incapable of any gainful employment.

29. Mr. Pressler also submitted a vocational assessment dated October 28, 2025, and an addendum to the assessment dated December 2, 2025, by Vocational Expert Maria Vargas, MS, CRC, CLCP.

30. Ms. Vargas performed a comprehensive vocational review and concluded that Mr. Pressler is unable to perform his own occupation or any other occupation in the national economy.

31. Equitable did not conduct an in-person physical or mental examination of Mr. Pressler.

32. On December 4, 2025, Equitable issued a final administrative decision upholding the termination of Mr. Pressler's LTD benefits beyond December 29, 2024.

33. Mr. Pressler has exhausted all available administrative remedies under the Plan and Policy, and all conditions precedent to the filing of this action have been performed or have occurred.

**COUNT I – DENIAL OF LTD BENEFITS**
**PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)**

34. Mr. Pressler repeats, reaffirms, and realleges the preceding paragraphs of the Complaint as if they were fully restated at length herein.

35. Equitable has failed to pay Mr. Pressler LTD benefits to which he is entitled under the terms of the Plan and Group Policy.

36. Mr. Pressler has exhausted his internal remedies under the Plan and, thus, all conditions precedent to the filing of this action have been performed or have occurred.

37. Mr. Pressler is entitled to LTD benefits under the terms of the Plan because he is disabled as defined by the Plan and Policy.

38. The denial and termination of Mr. Pressler's claim for LTD benefits was contrary to the terms of the Plan and Policy, *de novo* wrong, and an abuse of discretion.

39. Equitable failed to provide Mr. Pressler with a full and fair review of his claim in violation of Section 503 of ERISA, 29 U.S.C. § 1133, as well as 29 C.F.R. § 2560.503-1, by*, inter alia*, failing to conduct a physical examination of Mr. Pressler, relying on the flawed and self-serving reports of its paper-review consultant, cherry-picking the evidence, ignoring the opinions and clinical findings of Mr. Pressler's treating healthcare providers and independent examining physicians and relying on an arbitrary vocational analysis.

40. Under Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), a civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

41. As a result of Equitable's denial and termination of Mr. Pressler's LTD benefits, its decision to uphold its denial, and its refusal to pay ongoing benefits, there exists an actual case and controversy by and between the parties hereto entitling Mr. Pressler to a declaration of rights clarifying the benefits to which he is entitled under the Plan.

WHEREFORE, Mr. Pressler prays the Court grant him the following relief with respect to Count I of his Complaint:

a That the Court enter judgment in favor of Mr. Pressler and against Equitable, and award him all past due disability benefits and future benefits pursuant to the terms of the Plan;

b Order Equitable to pay Mr. Pressler prejudgment interest on all benefits that have accrued prior to the date of judgment;

c That the Court award Mr. Pressler his reasonable attorney's fees pursuant to 29 U.S.C. § 1132(g) and the costs of suit against Equitable; and

d That Mr. Pressler recovers any and all other relief to which he may be entitled.

Respectfully submitted,

/s/ Zachary Lipschutz
Zachary Lipschutz (326208)
The Garner Firm, Ltd.
1617 John F. Kennedy Blvd., Suite 1111
Philadelphia, PA 19103
Tel: (215) 645-5955
Fax: (215) 645-5960
zach@garnerltd.com
*Attorney for Plaintiff*

Dated: September 23, 2026